**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **LEROY EDMONDS,** | * | |
| **Plaintiff,** | * | |
| **v.** | * | |
| **LIDL US, LLC,** | * | |
| **Defendant/Third-Party Plaintiff,** | * | **Civil Action No. EA-24-2768** |
| **v.** | * | |
| **NFI INDUSTRIES, INC. and NFI INTERACTIVE LOGISTICS, LLC,** | * | |
| | * | |
| **Third-Party Defendants.** | | |
| | * | |

## MEMORANDUM ORDER

On July 24, 2024, Plaintiff Leroy Edmonds filed the above-captioned action, in the Circuit Court for Cecil County, Maryland, against Defendant Lidl US, LLC (Lidl), alleging a single count of premises liability negligence. ECF No. 2. Lidl removed the case to this Court on September 26, 2024, on the basis of diversity jurisdiction.[1] ECF No. 1 ¶ 5. With Mr. Edmonds' consent and leave of Court, Lidl filed a Third-Party Complaint against NFI Industries, Inc. and NFI Interactive Logistics, LLC (collectively, NFI). ECF Nos. 34, 36, 39–41; Fed. R. Civ. P. 14(a). On September 10, 2026, the undersigned granted in part and denied in part NFI's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). ECF Nos. 57–58; *Edmonds* v. *Lidl US, LLC*, Civil Action No. EA-24-2768, 2026 WL 2671311 (D. Md. Sept. 10, 2026). Pending before the Court is NFI's motion for clarification or reconsideration, which is fully briefed. ECF Nos. 63, 68–69. No hearing is necessary. Local Rule 105.6 (D. Md. Dec 1, 2025).

---

[1] This case was referred to a United States Magistrate Judge with the parties' consent and assigned to the undersigned on December 6, 2024. ECF Nos. 12, 15, 54; 28 U.S.C. § 636; Local Rule 301.4 (D. Md. Dec. 1, 2025).

In its Third-Party Complaint, Lidl pleaded two counts against NFI: (1) breach of contract and (2) contribution/indemnification. ECF No. 41 ¶¶ 4–11. The undersigned previously concluded "that Lidl has plausibly alleged both the duty-to-defend and duty-to-indemnify components of its contractual claim," but that "there is no basis upon which Lidl can seek contribution or indemnification from NFI." *Edmonds*, 2026 WL 2671311, at *5-6. In deciding NFI's Rule 12(b)(6) motion, there was no occasion for the undersigned to have determined the merits of Lidl's claims as a matter of law. Rather, the only question before the Court was the sufficiency of Lidl's allegations and whether they stated a claim. This is because the "purpose of a Rule 12(b)(6) motion is to test the sufficiency of a complaint." *Edwards* v. *City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). In contrast, Federal Rule of Civil Procedure 56(a) provides that the district court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Should Lidl seek a ruling as a matter of law on the merits of its surviving breach of contract claim, which potentially encompasses a duty to defend and a duty to indemnify, it must seek dispositive relief from the Court.

In light of the foregoing, it is hereby ORDERED that NFI's motion for clarification or reconsideration (ECF No. 63) is GRANTED IN PART and DENIED IN PART. The Court's Memorandum Opinion and Order (ECF Nos. 57–58) are clarified to confirm that no dispositive relief was granted with respect to Count One of the Third-Party Complaint, as that issue had not been presented to the Court. There is therefore no basis for reconsideration of the undersigned's prior decision.

IT IS SO ORDERED.

Date: November 3, 2026

/s/
Erin Aslan
United States Magistrate Judge